The People of Puerto Rico, Plaintiff and Appellee, *v.* Clemente González Andino, Defendant and Appellant.

No. 6946. Argued April 26, 1938.—Decided June 22, 1938.

*Ramón S. Pesquera* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Clemente González Andino appeals from a judgment of the District Court of Bayamón whereby he was found guilty of a violation of the Motor Vehicle Act and "sentenced to pay a fine of $60 and costs . . . and in default of such payment . . . to be confined in jail one day for each dollar left unpaid."

The complaint, literally copied, reads as follows:

"I, Regino Pizarro, police officer No. 695, of Bayamón, P. R., Dr. Veve Street No. ____, of age, file this complaint against Clemente González Andino for a violation of the Motor Vehicles Act, section 12 (*a*) in connection with section 12 (*e*), committed as follows: That on May 25, 1937, at 9 a. m. and at Comerío Street, Bayamón, P. R., in the Judicial District of said municipality, which forms part of the Judicial District of Bayamón, P. R., the said defendant Clemente González Andino then and there, did unlawfully, wilfully, and maliciously violate the provisions of the Act for the Regulation of the Use of Motor Vehicles on the Public Highways of Puerto Rico, in that on said day he was driving on Comerío Street, of Bayamón (which is a public highway) motor truck H-58, belonging to Francisco Otero, of Bayamón, and while driving said truck along the right-hand side of the street above mentioned, in the direction of San Juan, he failed to exercise proper care or take reasonable precautions to insure the safety of life and property, inasmuch as when passing William Vázquez, a child, who was going along on a bicycle in the same direction of the truck and on his right, he did not blow his horn or signal apparatus and thus through his negligence, carelessness, and lack of foresight he struck said child, causing him a contusion with hematoma of the left parietal region, fluent hemorrhage of the left ear, slight traumatism of the left ankle of unknown prognostic, for which he was treated at the Municipal Hospital of Bayamón, where he remained as a patient; thus violating the provisions of section 12 (*a*) in connection with section 12 (*e*)

of the Motor Vehicle Act in force, as heretofore amended by Act No. 9 of July 18, 1926. This act is contrary to the law for such cases made and provided.''

The appellant maintains that the judgment appealed from is erroneous: first, because the evidence of the district attorney did not show the commission of the acts charged, and, second, because it appears from all the evidence that the defendant committed no criminal act or omission. The prosecuting attorney (*Fiscal*) of this court agrees with the defendant that the judgment should be reversed and we are of the same opinion.

■ Subdivisions (*a*) and (*e*) of section 12 of Act No. 75 of 1916 (p. 140), to regulate the operation of motor vehicles in Puerto Rico, reads as follows:

''(*a*) That persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property.

''

''(*e*) On overtaking another vehicle or person, warning shall always be given and the person or slower-running vehicle shall draw to the right as far as practicable, and the overtaking vehicle shall always pass to the left.''

A mere reading of the complaint suffices to convince any one that no violation of subdivision (*a*) is therein charged. It is not enough to follow the language of the statute; it is necessary to be more specific and allege the existence of a criminal act or omission. We have so held in *People* v. *Borque,* 25 P.R.R. 553; *People* v. *Rivera,* 26 P.R.R. 242, 393; *People* v. *Salgado,* 27 P.R.R. 804; *People* v. *Matienzo,* 27 P.R.R. 838; *People* v. *García,* 28 P.R.R. 898; *People* v. *Rivera,* 28 P.R.R. 937; and *People* v. *Figueroa,* 48 P.R.R. 731. In the last of these cases this court speaking through Mr. Justice Hutchison said:

''...The complaint did not state an offense either under subdivision (*a*) or under any other subdivision of section 12 of the law. The contention of the fiscal could not have been sustained even if

320

the complaint had followed literally the words of subdivision (*a*). That subdivision prescribes in broad and general terms a rule of conduct for persons operating motor vehicles on the public highway. It is not enough in such cases that the complaint should follow the language of the statute. It must be more specific so as to apprise the defendant more definitely as to the nature of the accusation against him. This is the general principle underlying the *Borque* case which was followed by this Court in *People* v. *Rivera, supra; People* v. *Salgado,* 27 P.R.R. 804; *People* v. *Matienzo,* 27 P.R.R. 838, and distinguished in *People* v. *García,* 28 P.R.R. 898.''

 The only allegation of a punishable act contained in the complaint consists in the charge that the defendant failed to blow his horn or signal apparatus when he passed Vázquez. This allegation indeed charges a violation of subdivision (*c*) (*sic*), *supra;* but the district attorney failed to prove it. He did not even put a single question to his witnesses with regard to this particular.

It is clear that, under these circumstances, the judgment rendered by the lower court was erroneous and that the same should be reversed and the defendant discharged.

Mr. Justice De Jesús took no part in the decision of this case.